UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **EMMARIA GALLIANO, et al.,** | : | Civil Action No. 03-1463 (SRC) |
| **Plaintiffs,** | : | |
| v. | : | OPINION AND ORDER |
| **BOROUGH OF SEASIDE HEIGHTS, et al.,** | : | |
| **Defendants.** | : | |

This matter comes before the Court on Plaintiffs' Motion to File a Second Amended Complaint. Plaintiffs seek leave to assert a claim for declaratory relief against Defendants and the entities providing insurance coverage to Defendants. The Court finds the proposed amendment would be futile and therefore, Plaintiffs' Motion to File a Second Amended Complaint shall be denied.

*I. Factual Background*

This case arises from a series of alleged civil rights violations ending with the April 9, 2002 shooting deaths of three individuals by a Seaside Heights Police Officer. The First Amended Complaint names, *inter alia*, the Borough of Seaside Heights, the Township of Dover and the Country of Ocean as defendants (collectively "the Municipal Defendants").

*II. The Proposed Amendment*

The proposed Second Amended Complaint seeks to add Ocean County Joint Insurance Fund, Municipal Excess Liability Joint Insurance Fund, American Reinsurance Company

("American Re")[1], and North River Insurance Company as additional defendants (collectively "the Insurance Defendants").  Plaintiffs seek a judgment against the Municipal and Insurance Defendants "establishing the amount of insurance coverage available to insure the liability of" the Municipal Defendants against Plaintiffs' claims.  (Plaintiffs' Second Amended Complaint, p. 40).

The proposed amendment asserts that the amount of Municipal Defendants, insurance coverage is related to the quantity of "events," "accidents" or "occurrences," giving rise to Plaintiffs' claims.  Plaintiffs contend that settlement attempts have been futile as the Defendants and their insurers have expressed the "erroneous" view that the claims asserted by Plaintiffs constitute a single "accident," "occurrence" or "event," for insurance coverage purposes.  They believe that if there is to be any prospect of resolution without the need for additional litigation, the Court must first decide the issues pertaining to insurance coverage.  It is Plaintiffs' position that allowing the proposed amendments would not prejudice Defendants since the short period of additional time needed to decide this issue will enhance the prospects of settlement.

Plaintiffs argue that the Third Circuit has held insurance coverage disputes are particularly appropriate for resolution in a declaratory judgment action, which need not await resolution of the underlying claims.  In asserting this proposition, Plaintiffs rely on *ACandS, Inc. v. Aetna Casualty & Sur. Co.*, 666 F.2d 819 (3rd Cir. 1981).

Plaintiffs further assert that as intended third-party beneficiaries of the insurance

---

[1]The Court notes that in the alternative to its decision, Plaintiffs lack standing to assert a direct claim against American Re.  American Re does not directly insure any of the Municipal Defendants and only reinsures an excess insurance policy.  *British Ins. Co. v. Safety Nat'l Cas.*, 335 F.3d 205 (3rd Cir. 2003) ("The reinsurer's only obligation is to indemnify the ceding insurer on the risk transferred").

2

agreements between the Insurance Defendants and Municipal Defendants, Plaintiffs have standing to assert this claim.  (*citing Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 272-274 (1941)).  The proposed Second Amended Complaint asserts that Plaintiffs' claims against the Municipal Defendants constitutes an actual controversy within the jurisdiction of this Court, and Plaintiffs are "interested parties" within the meaning of 28 U.S.C. § 2201.

The Defendants primary opposition to the proposed amendment is futility as the claim would be unable to survive a motion to dismiss.  Defendants argue that the new claim is not sufficiently grounded in fact, fails to state a claim ripe for judicial determination, and that Plaintiffs lack standing to assert such a claim.  Additionally, Defendants assert the proposed amendment would cause undue delay.

### III.  Legal Standard - Rule 15(a)

Although leave to amend the pleadings under FED. R. CIV. P. 15(a) is generally given freely pursuant to *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.*  On a motion to amend a complaint, the Court looks only at the pleadings.  *Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau, Co., Inc.*, 106 F.Supp. 2d 761, 765 (D.N.J. 2000).

A proposed amendment is futile if the complaint, as amended, would not survive a motion to dismiss.  *Foman*, 371 U.S. at 182.  Since judgment has not been entered for Plaintiffs, the blurred question of procedure and jurisdiction the Court must resolve is whether Plaintiffs' proposed claim is ripe for judicial determination.

### IV.  Plaintiffs' Motion to Amend is Precluded as there is no Direct Action Statute in New Jersey

3

As previously stated, Plaintiffs seek declaratory relief against Defendants' insurers. However, the forum state of New Jersey does not sustain a direct action statute. As such, Plaintiffs' Motion to Amend to add the Insurance Defendants must be denied as futile.

As stated in their First Amended Complaint, Plaintiffs maintain supplemental jurisdiction of their state law claims in federal court pursuant to 28 U.S.C. § 1367. When a federal district court exercises supplemental jurisdiction over state law causes of action, the substantive law of the state must be applied. *Union Mine Workers v. Gibbs*, 383 U.S. 715 (1992); *First Am. Artificial Flowers, Inc.*, 943 F.2d 251, 257 (2d Cir. 1991); *Bouker v. Cigna Corp.*, 847 F. Supp. 337, 338 (E.D.Pa. 1994); *Silverstein v. Percudani*, 2006 WL 741758 (M.D.Pa. 2006).

The substantive law of New Jersey contains no provision allowing an injured person to conduct a direct cause of action against the insurer of the tortfeasor prior to recovery of judgment against the latter. *River v. Alonso*, 1989WL200989 (D.N.J. 1989); *Impex Agricultural v. Parness Trucking Corp.*, 576 F. Supp. 587, 589 (D.N.J. 1983); *Manukas v. American Insurance Co.*, 98 N.J. Super. 522, 237 A.2d 898 (App. Div. 1968); 2 *Insurance Claims and Disputes*, 4th § 9:11 (2005) (stating "[I]n the absence of a direct action statute, with the exception of the courts in Florida . . . no court has allowed an injured party to proceed against the insurance company at the same time that the party is proceeding against the insured.")

*ACandS,* upon which Plaintiffs rely, is clearly distinguishable from the present matter. *ACandS* did not involve, as is the instant matter, a declaratory judgment by an injured party against an insurance company. Second, there was an actual controversy over the duty of the insurance company to defend its insured. *ACandS* signifies that a justiciable controversy exists where an insurance company contends that it does not have a duty to defend or indemnify its insured. Here, the insurance companies have not disputed their duty to defend or their duty to

indemnify the municipal defendants.

Because Plaintiffs' seek to bring in the Defendants' insurers while the underlying claims against Defendants still remain unresolved, this Court must reject Plaintiffs' Motion to Amend Complaint as futile.

Assuming that Plaintiffs' Motion to Amend is not barred because of the absence of a direct action statute in New Jersey, the Court shall address the arguments of the parties.

*V. The Claim is Not Ripe*

"The function of the ripeness doctrine is to determine whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *Peachlum v. City of York, Pennsylvania*, 333 F.3d 429, 433 (3rd Cir. 2003). "Its basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Taylor v. Upper Darby*, 983 F.2d 1285, 1290 (3d Cir. 1993) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148, 87 S. Ct. 1507, 18 L. Ed. 2d 681 (1967)).

In *Step-Saver Data Systems, Inc., v. WYSE Technology, The Software Link, Inc.*, 912 F.2d 643 (3rd Cir. 1990), the Third Circuit noted that the difficulty of defining the ripeness doctrine becomes even more troublesome in the context of declaratory judgment actions. The court explained:

> First, there is the considerable amount of discretion built into the Declaratory Judgment Act itself. Even when declaratory actions are ripe, the Act only gives a court the power to make a declaration regarding "the rights and other legal relations of any interested party seeking such declaration," 28 U.S.C. § 2201; it does not require that the court exercise that power. Second, declaratory judgments are issued before "accomplished" injury can be established, see E. Borchard, Declaratory Judgments 29 (1941), and this ex ante determination of rights exists in some tension with traditional notions of ripeness. Nonetheless, because the Constitution prohibits federal courts from deciding issues in which there is no

5

> "case[]" or "controversy," U.S. Const. art. III, § 2, declaratory judgments can be issued only when there is "an actual controversy," 28 U.S.C. § 2201. The discretionary power to determine the rights of parties before injury has actually happened cannot be exercised unless there is a legitimate dispute between the parties.

*Id.* at 647-648.

*Step-Saver Data Systems, Inc.*, identified three important factors for determining whether an action for declaratory judgment is ripe: (1) the adversity of the interest of the parties; (2) the conclusiveness of the judicial judgment; and (3) the practical help or utility of that judgment (*Id.* at 648). All three factors indicate that at this time, Plaintiffs' proposed claim is not ripe for judicial determination.

### A. Adversity of Interest

Plaintiffs' case is based on a series of alleged civil rights violations and the amount of Defendants' insurance coverage is based on the quantity of "events," "accidents" or "occurrences," giving rise to Plaintiffs' suit. "For there to be an actual controversy the defendant must be so situated that the parties have adverse legal interests" *Id*. at 648 (quoting 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2757, at 582-83 (2d ed.1983)). "Where the plaintiff's action is based on a contingency, it is unlikely that the parties interest will be sufficiently adverse to give rise to a case or controversy within the meaning of Article III. *Armstrong World Industries, Inc. v. Adams*, 961 F.2d 405, 411-412 (3d Cir. 1992) (citing *Step-Saver Data Systems, Inc.,* 912 F.2d at 648).

The Plaintiffs disagree with the municipal Defendants and the proposed insurance Defendants about the quantity of events giving rise to Plaintiffs' claim. Simply, the parties do not see eye to eye on the viability of Plaintiffs' allegations or the amount of Defendants' potential liability. This has resulted in differing assessments of the quantity of events and thus, the amount

of insurance coverage. There is, however, no controversy or dispute as to whether the insurance companies have a duty to indemnify or defend the Municipal Defendants against the claims Plaintiffs allege. Because substantial insurance coverage is in place and the insurance entities have not denied their duty to indemnify the Municipal Defendants, there is not sufficient adversity of interest at this time to constitute an actual controversy.

Plaintiffs have not put forth any evidence to show an actual controversy related to an alleged insufficiency with regards to the amount of insurance coverage.[2] Further, Plaintiffs have not alleged any bad faith on the part of the Municipal or Insurance Defendants in assessing the amount of available coverage.

     B.     *Conclusiveness of the Judgment*

In the context of declaratory judgments, conclusive means the legal status of the parties must be changed or clarified by the judgment. *Step-Saver Data Systems, Inc., v. WYSE Technology*, 912 F. 2d at 648. "Construing a contract and making law without finding the necessary facts constitutes advisory opinion writing, and that is constitutionally forbidden. Any contest must be based on a 'real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. '" *Id*. at 649 (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241, 57 S. Ct. 461, 464 (1937)).

Plaintiffs proposed amendment demands a judgment declaring "the amount of insurance coverage available to insure the liability of defendants...against Plaintiffs' claims." To determine

---

[2]The Court notes that Plaintiffs have not demonstrated that if they were to obtain a judgment exceeding the total amount of insurance coverage, that the Municipal Defendants would be unable to satisfy the difference on their own.

of insurance coverage. There is, however, no controversy or dispute as to whether the insurance companies have a duty to indemnify or defend the Municipal Defendants against the claims Plaintiffs allege. Because substantial insurance coverage is in place and the insurance entities have not denied their duty to indemnify the Municipal Defendants, there is not sufficient adversity of interest at this time to constitute an actual controversy.

Plaintiffs have not put forth any evidence to show an actual controversy related to an alleged insufficiency with regards to the amount of insurance coverage.[2] Further, Plaintiffs have not alleged any bad faith on the part of the Municipal or Insurance Defendants in assessing the amount of available coverage.

    B.    *Conclusiveness of the Judgment*

In the context of declaratory judgments, conclusive means the legal status of the parties must be changed or clarified by the judgment. *Step-Saver Data Systems, Inc., v. WYSE Technology*, 912 F. 2d at 648. "Construing a contract and making law without finding the necessary facts constitutes advisory opinion writing, and that is constitutionally forbidden. Any contest must be based on a 'real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. '" *Id*. at 649 (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241, 57 S. Ct. 461, 464 (1937)).

Plaintiffs proposed amendment demands a judgment declaring "the amount of insurance coverage available to insure the liability of defendants...against Plaintiffs' claims." To determine

---

[2]The Court notes that Plaintiffs have not demonstrated that if they were to obtain a judgment exceeding the total amount of insurance coverage, that the Municipal Defendants would be unable to satisfy the difference on their own.

the quantity of events, accidents or occurrences, the Court would first have to find which of the alleged violations, if any, the Defendants are liable. Plaintiffs are essentially asking the Court to assess the amount of excess insurance coverage available if Defendants are later found liable. Thus, the relief sought would require the Court to construe the Defendants' insurance agreements without finding the necessary facts. At this stage of the litigation, judgment has not been entered in Plaintiffs favor and any liability on the part of the Defendants would be purely speculative. A judgment would not change the legal status of the parties because the declaration would be contingent on Defendants liability.

      C.    *Practical Help or Utility*

The practical help or utility inquiry "goes not to whether the legal rights will be clarified, but to whether the parties' plans of actions are likely to be affected by a declaratory judgment." *Step-Saver Data Systems, Inc.,* 912 F.2d at 650. Plaintiffs contend that the relief sought will facilitate settlement of this matter and advance the parties litigation strategies.

The Plaintiffs twice point to the Advisory Committee Notes concerning the 1970 Amendments to Fed. R. Civ. Pro. 26, which states that "[r]esolution of insurance issues are favored to enable 'both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation.'"

The Court notes, however, that the Advisory Committee also states, "[i]t will conduce settlement and avoid protracted litigation in some cases, *though in others it may have an opposite effect"* (emphasis provided). In exercising its discretion, the Court does not find that the relief Plaintiffs requests would necessarily conduce settlement.

Additionally, Plaintiffs fail to recognize a key portion of the statement on which they rely. The statement says, " . . . so that settlement and litigation strategy are *based on knowledge and*

*not speculation"* (emphasis provided). Indeed, any determination by this Court on this issue would be speculative at this stage of the litigation, as judgment has not been entered for the Plaintiff and the Court is unable to determine the quantity of events at this time to construe the amount of insurance coverage. If the Court were to make this decision without determining the quantity, such a determination would amount to an advisory opinion. On the other hand, if the Court were to decide the quantity of violations it would be purely speculative. In the future, a jury could find a quantity of violations that exceeded or was far less than what the Court may determine. In that event, the Courts declaratory judgment would be of no use and could conceivably harm one of the parties. A decision by the Court on the amount of coverage could not be made with certainty and would not ensure that the parties litigation and settlement strategies were based on solid ground.

*VI. Conclusion*

There is no direct action statute in existence in the state of New Jersey. Additionally, Plaintiffs' proposed amendment is not ripe. Finally, a declaratory judgment by the Court would not change or clarify the legal status of the parties and would be of little utility to the parties because such a judgment would be purely speculative. As such, Plaintiffs' Motion to Amend is denied as futile.

ACCORDINGLY, IT IS  on this 4th day of May 2006,

ORDERED that Plaintiffs' Motion to file a Second Amended Complaint is DENIED.

                                  s/ Tonianne J. Bongiovanni
                                  **HONORABLE TONIANNE J. BONGIOVANNI**
                                  **UNITED STATES MAGISTRATE JUDGE**